### MORAN BROS., INC.
v.
### The UNITED STATES.
#### No. 167-63.

United States Court of Claims.
June 11, 1965.

Raymond N. Shibley, Washington, D. C., for plaintiff. Patterson, Belknap & Farmer, Washington, D. C., of counsel.

Lawrence S. Smith, Washington, D. C., with whom was Asst. Atty. Gen. John W. Douglas, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS and COLLINS, Judges.

COWEN, Chief Judge.

Plaintiff sues for $180,230.96 alleged to be due under a contract entered into with defendant. The principal issue to be decided is whether recovery by plaintiff is precluded because of its failure to take a timely appeal from an adverse decision of the contracting officer.

On August 13, 1959, plaintiff entered into contract no. AT(29–2)–908 with the Atomic Energy Commission (hereinafter referred to as AEC) to drill a hole to a depth of 950 feet into granite rock at the AEC's Nevada Test Site.

On October 5, 1960, plaintiff filed a claim with the contracting officer for additional compensation for reboring and reconstruction after a casing failure. The claim was predicated upon the standard Changed Conditions clause which was contained in this contract.

The contracting officer denied plaintiff's claim entirely by a decision of March 6, 1961, which in the penultimate paragraph thereof stated:

> Your attention is further invited to Paragraph 28, *Disputes*, of the General Provisions of your contract which provides that you may within thirty (30) days from the date of receipt of my Findings of Fact and Decisions appeal therefrom by mailing or otherwise furnishing to the Contracting Officer a written appeal addressed to the Commission.

The last paragraph of the same decision reads:

> Enclosed as Exhibit 2 for your information and retention are copies of the Rules of Practice and Rules of Procedure in Contract Appeals of the United States Atomic Energy Commission, Office of Hearing Examiner.

The rules referred to (as then in effect) [1] at 10 C.F.R., Part 3, 24 F.R. 10869 (1959) entitled "Rules of Procedure in Contract Appeals [Revised]", provided:

§ 3.2 SCOPE.

> The rules contained in this part set forth the procedure which will be followed by the parties and by the Hearing Examiner in arriving at his decision, and by the Commission in the review, if any, of such decision, as to the disposition of an appeal from a decision of a contracting officer in a dispute arising, or alleged to arise under a contract or subcontract.

\* \* \* \* \*

§ 3.11 APPEAL.

> An appeal from the decision of the contracting officer shall be taken by the contractor by serving upon the contracting officer, from whose decision the appeal is taken, a notice of appeal, together with three copies thereof, within sixty days after service upon the contractor of such decision or within such other period as may be provided by the contract under which the dispute has arisen or is alleged to arise \* \* \*

The contracting officer's decision was received by plaintiff on March 9, 1961, and a notice of appeal was mailed by plaintiff's attorney on May 5, 1961, 57 days later.

On June 6, 1961, the AEC hearing examiner denied the government's motion to dismiss the appeal on the ground that it was untimely. A decision favorable to plaintiff on the issue of liability was rendered on August 2, 1962. In his

---

1. The AEC rules have been reorganized. "Rules of Practice" are set forth in 10 C.F.R., Part 2, with the "Rules of Procedure in Contract Appeals", appearing as Subpart D thereof. The former section 3.11 has been replaced by section 2.-411 that now provides: "A contractor may appeal from a decision of the contracting officer by serving upon the contracting officer the original and three copies of a notice of appeal within the period provided in the contract or, if no such period is provided, within thirty days after service of the decision of the contracting officer upon the parties. \* \* \*"

opinion, the hearing examiner commented as follows on the issue of timeliness:

The notice of appeal herein was filed within the sixty-day period stated in the quoted rule [10 CFR § 3.11]. No cited precedent warrants the holding, as Government counsel advocates, that provisions in contracts with the Commission must be deemed to supersede and override specific provisions of the Commission's Rules of Procedure when an inconsistency between the two exists. The Government's argument for a vested right of finality of the contracting officer's decision ignores that the right did not so ripen until the expiration of the sixty-day period specified in the rules. The rights and remedies contemplated in the contract are subject to and governed by the Commission's rules which apply to both jurisdictional and procedural matters in contract disputes appeals.

Neither the government nor the plaintiff sought review of the hearing examiner's decision by the AEC Commissioners. Under the rules of the AEC, the decision became final, 10 C.F.R. § 3.42.

The case was remanded to the contracting officer for a determination of the amount of the equitable adjustment to which plaintiff was entitled. On October 24, 1962, the parties executed Supplemental Agreement No. 3, which embodied their agreement on the matter. The agreement provided for an increase of $180,230.96 in the contract price.

The AEC intended to pay this amount, but the General Accounting Office (hereinafter referred to as GAO), in Ms B–150173, dated January 11, 1963, advised the AEC that the payment could not be made, since the failure of the plaintiff to take a timely appeal from the decision of the contracting officer rendered the decision of the hearing examiner and the supplemental agreement void. Plaintiff was informed of the GAO decision on February 1, 1963, and this suit followed.

In support of its motion for summary judgment, defendant contends that the adverse decision of the contracting officer became final when plaintiff did not take an appeal within 30 days as required by the contract provisions. Thus, defendant says that plaintiff is barred from maintaining this action for failure to exhaust its administrative remedy.

In support of its motion, plaintiff asserts that the General Accounting Office has no authority to render a decision in this case; that the appeal was timely under the terms of the AEC regulations; that if there is any inconsistency between the regulations and the contract, the ambiguity should be resolved in favor of the plaintiff; that the supplemental agreement constitutes an accord and satisfaction; and that defendant failed to exhaust its administrative remedies when it did not seek review of the hearing examiner's decision.

Defendant responds by maintaining that the contract provision is controlling and that, in any case, the regulations are inapplicable since the 60-day appeal provision therein applies only to appeals by subcontractors.

We need not discuss many of these contentions for we believe that our decision can rest on simple grounds—the timeliness of the appeal.

Notwithstanding defendant's assertions to the contrary, a fair reading of section 3.11 of the AEC regulations, supra, indicates: (1) they govern procedures for appeals such as the one involved in the instant case, and (2) the section uses the disjunctive "or, and permits appeals within 60 days or within the time fixed in the contract. Section 3.11 appears in the chapter entitled "Rules of Procedure in Contract Appeals", which by section 3.2 thereof, is given general applicability. Therefore, we cannot restrict the 60-day appeal period to appeals by subcontractors, as defendant argues. Upon the record before us, there is no valid reason for holding that section 3.11 restricts the contractor to an appeal period of less than 60 days.

■ The regulations cited above were promulgated pursuant to 42 U.S.C. § 2201 (p) and have the force and effect of law, cf. G. L. Christian and Associates v. United States, 312 F.2d 418, 160 Ct. Cl. 1 (1963), rehearing denied, 320 F.2d 345, 160 Ct.Cl. 58 (1963), cert. denied 375 U.S. 954, 84 S.Ct. 444, 11 L.Ed.2d 314. Following the rule there announced, we believe that the regulations in effect when the decision of the hearing examiner was made are binding upon the agency and contractor. We need not decide whether the regulations supersede the contract clause or whether they are to be viewed as having equal vitality, for the result is the same. In the latter alternative, any ambiguity would be resolved against the drawer of the instrument, the defendant. Wingate Construction Company v. United States, No. 394–60, Ct.Cl., January 24, 1964.

■ Defendant vigorously argues that the time limit is jurisdictional and may not be waived by the contracting officer, the appeals tribunal, or the head of the agency. This position has been taken by several, if not all, of the contract appeals boards; see e. g., Keenan Pipe & Supply Co., 1962 BCA 17110 (ASBCA 1962). We do not agree that this provision may never be waived.

■ Whether the basic rationale be grounded upon estoppel or waiver, a party to a contract may generally dispense with procedural requirements made for its benefit; see generally, Copco Steel & Engineering Co. v. United States, 341 F.2d 590 (Ct.Cl.1965); 1 Williston Contracts §§ 139–140 (1957); 5 Williston Contracts §§ 678–679, 696 (1961); 6 Williston Contracts § 856 (1962). This court has recognized the authority of the government to waive certain contract provisions, Branch Banking & Trust Co. v. United States, 98 F.Supp. 757, 120 Ct.

Cl. 72 (1951), cert. denied 342 U.S. 893, 72 S.Ct. 200, 96 L.Ed. 669; Whitman v. United States, 110 F.Supp. 444, 124 Ct. Cl. 464 (1953); certain agency regulations, Centex Construction Co., Inc. v. United States, No. 342–60, June 7, 1963; National Electronic Laboratories, Inc. v. United States, 180 F.Supp. 337, 148 Ct. Cl. 308 (1960); and even some statutes, G. L. Christian and Associates, supra. The contract appeal provision at issue here (even when given the force and effect of law) is not any more immune to waiver than the conditions involved in the cases cited above.

In P. L. S. Coat & Suit Corp. v. United States, 180 F.Supp. 400, 148 Ct.Cl. 296 (1960), and Poloron Products, Inc. v. United States, 116 F.Supp. 588, 126 Ct. Cl. 816 (1953), upon which defendant relies, this court did not hold that a contractual provision requiring a contractor to appeal from an adverse decision of the contracting officer within 30 days may not be waived by the government. Both cases raised serious questions with respect to the authority of an agency to dispose of claims presented after final payment under the contract. In each case, the court noted, as it had previously held, that the decision as to whether a timely appeal has been perfected within the meaning of the contract is a question of law and that, under the facts and circumstances involved, the contractor's appeal was untimely.

■ Since we have concluded that plaintiff's appeal was timely, we do not reach the question of whether the contractual provision fixing the time for appeal was waived in this case.

Defendant's motion for summary judgment is denied. Plaintiff's motion for summary judgment is granted and judgment is entered for plaintiff in the amount of $180,230.96.