**MANEY AIRCRAFT PARTS, INC.**

v.

**The UNITED STATES.**

No. 191–70.

United States Court of Claims.
Jan. 21, 1972.

Frederick T. M. Crowley, Silver Spring, Md., attorney of record, for plaintiff.

Ray Goddard, Washington, D. C., with whom was Asst. Atty. Gen. L. Patrick Gray III, for defendant.

Before COWEN, Chief Judge, LARA-MORE, Judge, DURFEE, Senior Judge, and DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

## ON PLAINTIFF'S MOTION AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

PER CURIAM:

In this Wunderlich Act suit, plaintiff's contract for tank assemblies for C–124 aircraft was terminated for default, and plaintiff appealed to the Armed Services Board of Contract Appeals. That tribunal dismissed the appeal as untimely, *i. e.* taken more than 30 days after receipt of the notice of termination, and this action was then commenced. In addition to the contention that the appeal to the Board was timely, plaintiff argues that, in any event, the issuance of the default notice constituted a breach of contract for which the contractor can sue in this court without pursuing or exhausting administrative remedies under the contract.

■ Taking up the latter point first, we hold that, under its contract, plaintiff was required to appeal to the Board of Contract Appeals even if the default-termination was wholly improper and for ulterior reasons, as alleged. That was one of the rulings in Schlesinger v. United States, 390 F.2d 702, 709–710, 182 Ct.Cl. 571, 584–585 (1968). See, also, Schlesinger v. United States, 383 F.2d 1004, 1007–1008, 181 Ct.Cl. 21, 26–28 (1967). In this instance, the contract specifically provided that, if the contractor was not in default, the rights and obligations of the parties would be the same as if notice of termination had been issued pursuant to the convenience-termination clause. See Dale Constr. Co. v. United States, 168 Ct.Cl. 692, 722 n. 22 (1964). Under plaintiff's contract, therefore, an improper default-termination was not a "breach", but fell "under the contract", and plaintiff had first to seek relief from the Board.

■ With respect to the alternative claim that the Board erred in deciding that the appeal was untimely, plaintiff makes two separate points. The first is that the telegram embodying the notice of default-termination was not a valid final decision of the contracting officer, under the regulations, and therefore could not trigger the 30-day period set by the contract for appealing to the Board. We agree with the Board, however, that the notice was effective to start the running of the appeal-period. The telegram-notice gave in summary fashion the reasons for defaulting plaintiff, notified it that its contract was terminated for default, stated that the telegram was the contracting officer's "final decision", and that plaintiff could appeal within 30 days. It is immaterial whether or not the reasons given for the termination were in fact correct; that was a matter that could be gone into on the appeal itself. For present purposes, the only important aspect of the notice is whether it fulfilled its function of alerting the contractor to the action taken, and of starting the time for appeal. Along with the Board, we hold that it did.

The other of plaintiff's grounds for challenging the Board's finding of untimeliness goes to the circumstances surrounding receipt of the telegram-notice of default termination. The telegram was delivered by Western Union at plaintiff's principal place of business on Saturday, June 21, 1969, at 12:15 p. m. Its receipt was acknowledged by an elderly employee of plaintiff, an accountant, who was present in the plant at that time. The telegram was not received by plaintiff's president (or by

any other officer of the company) until the morning of Monday, June 23, 1969. The president testified before the Board that the company operated on a five-day week and was not open for business on Saturday, but the Board found that on the crucial Saturday some employees were at the plant and working. Admittedly, plaintiff did not, on any view, appeal to the Board before July 22, 1969, the 31st day after June 21st.

The Board ruled that the telegram-notice of default was received on Saturday, June 21st, since one of plaintiff's employees received it at that time at plaintiff's place of business. The Board considered "it immaterial that the receipt took place on a Saturday", and it refused to distinguish between receipt of a letter and of a telegram.

█ In the circumstances, we do not think the Board was compelled to hold that the appeal was timely. Although the day of receipt was Saturday, when the plant was "officially" closed, there were actually some employees working there and the telegram was received and receipted for by one of plaintiff's employees then at the plant. Although not an officer empowered to act on behalf of the corporation, this employee (an accountant) cannot be said by us, as a matter of law, to have been unauthorized to receive mail or telegrams delivered at that time. Moreover, we cannot hold that the Board was required to distinguish in its timeliness rulings between letters and telegrams. Accordingly, we find no error of law, no arbitrariness, or any lack of substantial support for the underlying factual findings in the holding that plaintiff's appeal was out-of-time.

█ Nevertheless, we are constrained to point out once again that the Board is not powerless to waive or extend the 30-day period specified in the contract—as

the Board still seems to believe, see L & V Machine & Tool Works Inc., ASBCA No. 15243, August 12, 1971, slip op., p. 3. We indicated in Moran Bros. Inc. v. United States, 346 F.2d 590, 593, 171 Ct.Cl. 245, 250 (1965), that such time limits are not jurisdictional and may be waived in proper cases. In our order of June 11, 1965 in Maitland v. United States, Ct.Cl. No. 74–62, suspending proceedings here so that that plaintiff could ask the Board to waive the time-limit, we cited *Moran Bros.* and said: "We see no reason why the Board, in its sound discretion, may not elect to entertain this appeal and avoid a harsh result, if the allegations of plaintiff are as stated." [1] In Schlesinger v. United States, 383 F.2d 1004, 1008, 181 Ct.Cl. 21, 28–29 (1967), we again recognized the discretion of the Board to toll or waive the contractual time-limit for appeal. We remain of the same view.

█ The present is a close case in which we feel justified in permitting plaintiff to apply to the Board for consideration of such a discretionary waiver. It is not certain that the employee who receipted for the telegram on Saturday, June 21st, was there on company business, that he knew or appreciated the importance of the notice, or that he even opened it to find out its contents. He was obviously not the person who normally received mail or telegrams for plaintiff, and may not have been aware of the significance of the quick·circulation of incoming material. Though the plant was "open" in the sense that some people were present, still the day was a Saturday when the normal office force would not be expected to be there and regular routines would not be in operation. Although we have held that we cannot overturn the Board's finding of untimeliness, we do feel that "the Board ha[s] leeway to find that the 30-day

---

1. When the case returned to the Board, it held, after a hearing, that it had no jurisdiction to waive or toll the contractual time-limit, but in any event "the facts as brought out at the hearing do not portray a situation where such discretion should be exercised." Maitland Brothers, ASBCA No. 6607, Feb. 25, 1966, 66–1 BCA par. 5416, at 25,427–25,431.

provision should * * * be considered tolled or waived." Schlesinger v. United States, *supra*, 383 F.2d at 1008, 181 Ct.Cl. at 29. While we do not hold that the Board must exercise its discretion favorably to plaintiff, we think that it should consider that possibility squarely, and not simply deem itself powerless to act.

For these reasons, instead of dismissing plaintiff's petition at this time, we order that the proceedings herein, including action with regard to the parties' motions for summary judgment, be suspended for a period of ninety (90) days pending plaintiff's further pursuit of its administrative remedy through appeal of the contracting officer's decision to the Armed Services Board of Contract Appeals. If plaintiff does not desire to seek from the Board discretionary waiver of the contractual time-limit, the *defendant's motion will be* granted and the petition will be dismissed.