MANEY AIRCRAFT PARTS, INC.
v.
The UNITED STATES.
No. 191–70.

United States Court of Claims.
June 20, 1973.

Nichols, J., filed dissenting opinion.

Frederick T. M. Crowley, Silver Spring, Md., attorney of record for plaintiff.

Michael J. Rubin, Washington, D.C., with whom was Asst. Atty. Gen. Harlington Wood, Jr., for defendant.

Before COWEN, Chief Judge, and DAVIS, SKELTON, NICHOLS, KASHIWA, KUNZIG and BENNETT, Judges.

ON PLAINTIFF'S MOTION FOR SUM-
MARY JUDGMENT AND DEFEN-
DANT'S CROSS MOTION FOR
SUMMARY JUDGMENT

SKELTON, Judge.

The facts in this case are set forth in detail in our prior opinion in Maney Aircraft Parts, Inc. v. United States, 453 F.2d 1260, 197 Ct.Cl. 159 (1972), and for that reason will not be repeated here, except to the extent deemed necessary for this opinion.

This is a contract case in which the contract was terminated for default by the contracting officer. The contract contained the usual disputes clause requiring the contractor to appeal the decision of the contracting officer to the Armed Services Board of Contract Appeals (the Board) in writing within 30 days from the date of receipt of the decision, otherwise the decision of the contracting officer shall be final and conclusive. The contracting officer sent his decision by telegram to the contractor's principal place of business on Saturday, June 21, 1969. The contractor's place of business was not open for business on Saturdays, but on this particular day an accountant of the contractor was at the contractor's place of business doing some work and received the telegram and signed a receipt for it. The accountant did not ordinarily receive the contractor's mail or telegraphic messages. The telegraphic decision was not brought to the attention of any responsible official of the contractor until the following Monday, June 23, 1969. The contractor sent a telegraphic appeal to the Board on July 22, 1969, which was 31 days after the contracting officer's telegraphic decision was delivered to the contractor's accountant at its place of business. The Board dismissed the appeal on the ground that it was untimely and that because of such late filing the Board had no authority, jurisdiction, or power to consider it. The plaintiff appealed to this court, claiming that the appeal was timely. Both parties filed motions for summary judgment. We suspended all proceedings including action on both motions for 90 days for reasons set out below. However, we held that "[W]e find no error of law, no arbitrariness, or any lack of substantial support for the underlying factual findings in the holding [of the Board] that plaintiff's appeal was out-of-time." [*Id.*, 453 F.2d at 1262, 197 Ct.Cl. at 162–163.] In so holding we said:

Nevertheless, we are constrained to point out once again that the Board is not powerless to waive or extend the 30–day period specified in the contract—as the Board still seems to believe, see L & V Machine & Tool Works Inc., ASBCA No. 15243, 71–2 BCA ¶ 9035. We indicated in Moran Bros. Inc. v. United States, 346 F.2d 590, 593, 171 Ct.Cl. 245, 250, (1965), that such time limits are not jurisdictional and may be waived in proper cases. In our order of June 11, 1965 in Maitland v. United States, Ct.Cl.No. 74–62, suspending proceedings here so that plaintiff could ask the Board to waive the time-limit, we cited *Moran Bros.* and said: "We see no reason why the Board, in its sound discretion, may not elect to entertain this appeal and avoid a harsh result, if the allegations of plaintiff are as stated." In Schlesinger v. United States, 383 F.2d 1004, 1008, 181 Ct.Cl. 21, 28–29 (1967), we again recognized the discretion of the Board to toll or waive the contractual time-limit for appeal. We remain of the same view.

\* \* \* Although we have held that we cannot overturn the Board's finding of untimeliness, we do feel that "the Board ha[s] leeway to find that the 30–day provision should \* \* \* be considered tolled or waived." Schlesinger v. United States, *supra*, 383 F.2d at 1008, 181 Ct.Cl. at 29. While we do not hold that the Board must exercise its discretion favorably to plaintiff, we think that it should consider that possibility squarely, and not simply deem itself powerless to act. [Footnote omitted.] [*Id.*, 453 F.2d at 1262–1263, 197 Ct.Cl. at 163–164.]

We suspended proceedings for 90 days to allow the plaintiff to seek a discretionary waiver of the contractual time limit for its appeal from the Board.

Thereafter, the plaintiff filed a petition with the Board asking for "a discretionary waiver of the contractual time limit of 30 days and for the right to proceed to try its appeal on the merits."

The Board, in a decision dated April 28, 1972, signed by 12 of its members, with one member dissenting, refused to exercise its discretion to waive the requirement of appeal within 30 days of receipt of the contracting officer's final decision, as suggested by this court, saying:

> * * * However, in this instance, the Board must respectfully decline to follow the Court of Claims' suggestion concerning its discretion to waive the requirement of appeal within thirty days of receipt of the contracting officer's final decision.

> * * * Consistently, from the time of the Charter creating the Board's predecessor, the War Department Board of Contract Appeals, on 8 August 1942, the present Board and its predecessor Boards have held that the filing of a timely notice of appeal is a condition precedent to the Board's authority to consider an appeal on its merits. * * * [*Id.* at 3.]

The Board concluded by saying:

> * * * [T]he Board is unwilling to make such a reversal of its uniform, long-standing decisions as to take discretionary jurisdiction over untimely appeals.

> * * * * * *

> Appellant's petition for discretionary waiver of the contractual time limit is denied and the reinstated appeal dismissed. [*Id.* at 4–5.]

Thereafter, both parties returned to this court and urged their motions for summary judgment. The plaintiff says that the Board erred in refusing to exercise its discretion to waive the 30-day time limit for the contractor's appeal in this case as suggested by this court in our prior opinion. The defendant argues that the action of the Board should be upheld, and that, in any event, the Board did in fact exercise its discretion. We agree with the plaintiff. It is clear from the above-quoted language from the Board's opinion that it flatly refused to exercise its discretion as to a waiver of the 30–day time limit for plaintiff's appeal, as suggested by the court. Therefore, the only question to be decided is whether the Board erred.

We think the Board was sincere in its belief that it did not have the power nor authority to waive the 30–day time limit for the plaintiff's appeal, in the exercise of its discretion. However, we made it perfectly clear in our prior opinion in this case that it did have such power and authority. Other decisions of this court support this principle. In Moran Bros., Inc. v. United States, 346 F.2d 590, 593, 171 Ct.Cl. 245, 250 (1965), we held:

> Defendant vigorously argues that the time limit is jurisdictional and may not be waived by the contracting officer, the appeals tribunal, or the head of the agency. This position has been taken by several, if not all, of the contract appeals boards; see *e.g.*, Keenan Pipe & Supply Co., 1962 BCA 17110 (ASBCA 1962). We do not agree that this provision may never be waived.

In Arthur Venneri Co. v. United States, 381 F.2d 748, 180 Ct.Cl. 920 (1967), we stated that the disputes clause is contractual rather than jurisdictional (381 F.2d at 751, n. 3, 180 Ct. Cl. at 925, n. 3). In Schlesinger v. United States, 383 F.2d 1004, 181 Ct.Cl. 21 (1967), we indicated that the Board could in its discretion waive the 30–day requirement for good cause. We held in Burnett Constr. Co. v. United States, 186 Ct.Cl. 953 (1968), that where the Board considered plaintiff's appeal, the 30–day requirement was waived even if the appeal was untimely. To the same effect is our decision in Whittaker Corp.

v. United States, 443 F.2d 1373, 195 Ct. Cl. 161 (1971).

We considered this question settled in our decision in Monroe M. Tapper & Assocs. v. United States, 458 F.2d 66, 198 Ct.Cl. 72 (1972), when we said:

> The major theme of the petition and of plaintiff's argument is, first, that the Board had power to enlarge the appeal-period and waive the lateness of the filing, and, second, that that is what should have been done in this instance. We need not linger over the first point. The court has recently reaffirmed the rule that Boards of Contract Appeals have power, in proper circumstances, to waive or extend the appeal period specified in the usual disputes clauses. Maney Aircraft Parts, Inc. v. United States, 453 F.2d 1260, 197 Ct.Cl. 159 (1972). Cf. Schacht v. United States, 398 U.S. 58, 63–65, 66–69, 90 S.Ct. 1555, 26 L. Ed.2d 44 (1970). The Government's rights under the clause do not "vest" until the Board refuses to take jurisdiction because of untimeliness. Thus, if the Board does take jurisdiction, it is not waiving a vested right because the right does not vest until and unless the Board refuses to take jurisdiction. If it awards relief, the disbursing officer can take comfort in the fact that he is not waiving a vested right. [Footnote omitted.] [*Id.*, 458 F.2d at 68, 198 Ct.Cl. at 76.]

The *Tapper* opinion was handed down on April 14, 1972, which was two weeks before the Board issued its opinion in this case. *See also*, SWH Company, DOT-CAB No. 72–29, 72–2 BCA ¶ 9570 (1972).[1]

■ We hold that a Board of Contract Appeals, such as the Board in the present case, has the power and authority, in its discretion, for good cause shown, to waive the requirement that a contractor must file his appeal with the Board within 30 days after he receives the decision of the contracting officer. The 30–day requirement is contractual and not jurisdictional and may be tolled or excused by the Board, in the exercise of its discretion, if the contractor has good cause for failing to file his appeal within such time period. Such good cause must be shown to exist not only during the 30–day period, but also up to the time the appeal is actually filed.

■■ The Board stated in its opinion that if it is to exercise this type of discretion it should be done under "clear-cut, explicit rules with appropriate safeguards." We do not entirely agree with this statement, as we doubt that rigid rules could be established that would be workable. Of course, the Board can make its own rules in this regard, but in doing so it should be careful not to unduly limit or circumscribe its exercise of discretion in this area. The decision of the Board on this problem is essentially equitable rather than legal, with an objective to do justice under the circumstances. In order to accomplish this purpose, the exercise of discretion by the Board should be as free and unfettered as possible. It is not practical for this court to establish inflexible rules for the exercise of discretion by the Board, as we cannot anticipate the many problems that may arise in future cases. No doubt, the Board will have to solve the problem on a case by case basis. However, we can repeat and approve what we said in *Tapper, supra*. The burden rests on the contractor, who fails to comply with the requirement that an appeal be filed within the 30–day period, to persuade and convince the Board that under the circumstances of his case a waiver of the time limit should be granted. Prejudice to the government is a factor to be considered, but the lack of such prejudice does not automatically entitle the plaintiff to a waiver. Furthermore, carelessness or

---

1. In the case of William Green Constr. Co. v. United States, Ct.Cl. 477 F.2d 930 at 937 decided May 11, 1973, we said "The time-limit for appeals to contract appeals boards is not beyond enlargement," citing the first *Maney Aircraft* and *Monroe M. Tapper* opinions.

neglect on the part of the contractor is relevant, though not necessarily conclusive. In exercising its discretion, the Board should consider all facts and circumstances, including the conduct of both the contractor and the government and arrive at a decision that it considers fair, just, and equitable to both parties.

■ Based on the foregoing, we conclude that the Board erred when it refused to exercise its discretion to waive the late filing by the contractor in this case. When we handed down our prior opinion, we did not have the authority to remand the case to the Board with instructions. Consequently, we suspended proceedings in the court to allow the plaintiff to go back to the Board and request a waiver. In the meantime, on August 29, 1972, Congress enacted Public Law 92–415, 86 Stat. 652, amending 28 U.S.C. § 1491, which provides as follows:

> *Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the first paragraph of section 1491 of title 28, United States Code, is amended by adding thereto the following: "To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States. In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just."

> Sec. 2. This Act shall be applicable to all judicial proceedings pending on or instituted after the date of its enactment.

This statute authorizes this court to remand this case to the Board "with such direction as it may deem proper and just."

Accordingly, we remand the case to the Armed Services Board of Contract Appeals and direct it to exercise its discretion as to whether or not the plaintiff has shown good cause or a justifiable excuse, under all the facts and circumstances of the case, for failing to file its appeal within the 30–day time limit, and by virtue thereof the 30–day time limit requirement should be waived. In remanding the case, we do not mean to imply or suggest in any way that the Board should or should not allow the plaintiff a waiver of the time limit requirement. This is a decision that the Board itself must make in the free exercise of its discretion. Proceedings in this court are suspended for 90 days from this date pending action of the Board.

NICHOLS, Judge (dissenting):

My own attitude in this matter has been slow in jelling, which is regrettable; if I had known what to do from the outset, I might have had more influence with my colleagues. In Monroe M. Tapper & Assocs. v. United States, 458 F.2d 66, 198 Ct.Cl. 72 (1972), I deplored the very existence of this branch of jurisprudence, and predicted, all too truly, that Judge Davis' careful analysis would not contribute to the ultimate disposition of the case. Now we have *Monroe M. Tapper & Assocs.* back before us again, no nearer than 4 years ago to a decision as to whether their case can be heard on the merits, and if so, by whom.

The Board's decision of April 28, 1972, in the instant *Maney Aircraft* case and the appended dissent, deserve our careful scrutiny, for the learning displayed, the capability of its authors and signers, and the contribution it makes to the possible resolution of the problem. They reaffirm their belief that plaintiff has no contract right to a disputes clause appeal if, for almost any reason whatever, he fails to file it within 30 days. They allow rare instances of toll-

ing. They also show that anyway, the Service Secretaries never intended to authorize them to exercise discretion in the premises.

The first proposition reflects only their personal opinion, which is legally inoperative in view of several contrary court decisions. The second ought to give us pause. It is rested primarily on the Secretaries' acquiescence, over the years, in the involved Board position. Also, they point out that complaints about about the shortness of the 30–day period were met by requiring that the contracting officer's decision letter expressly state the contractor's appeal rights and that the 30–day period was running. I think we ought to indulge in a strong if not conclusive presumption that a subordinate Department of Defense official is telling the truth if he says he is not authorized to do a particular thing. Presumably the Board operates under the Secretaries' constant scrutiny. If it does what it was not authorized to do, or refuses to do what it was intended to do, they will no doubt at once take corrective action. In the circumstances, for any outsider, even an omniscient Article III court, to say oh no, the Secretaries really intended the Board to exercise discretion, is to take a position more courageous than prudent. The Secretaries need only state a contrary position to make us look absurd.

Where the matter stands, in my view, therefore, is that a contractor delinquent in filing a 30–day appeal has a contract right to a discretionary decision whether he is to be allowed to appeal nevertheless, but the Department of Defense has provided no tribunal or official to exercise this discretion. Our former statements that Appeal Boards had discretion to receive late appeals rested on the assumption, now shown to be erroneous, that such Boards were intended to afford entire remedies wherever contracts created them. We do not, I think, even under Public Law 92–415, have the right to single out a body of government employees and say they are to do something they were not brought together to do.

If I am wrong in this we could direct the ASBCA to correct military records and the BCMR to entertain contractor appeals. Technicality though it may be, if the Secretary of Defense has not created a tribunal to do what we think ought to be done, our remand under Public Law 92–415 should surely be addressed to the Secretary himself. The majority decision is clearly erroneous in this.

The remand would be futile here for the further reason that the Board's observations show that if compelled to exercise discretion, they would exercise it adversely to the contractor except in cases of a strength only rarely encountered in life. This particular case is not strong as such cases go. *Tapper's* was better. Do I not see the court's tongue in its cheek, as its hand waves the contractor back to a tribunal we all know will chop off his head?

In United States v. Anthony Grace & Sons, 384 U.S. 424, 430, 86 S.Ct. 1539, 16 L.Ed.2d 662 (1966), the Supreme Court indicates that the contractor is not required to exhaust the administrative procedure if it is "inadequate or unavailable." I suggest the only tribunal that exists in the Department of Defense to pass on contractor appeals has clearly indicated not just its "unwillingness to act" in the Supreme Court's words but its lack of authority to do so, also. Moreover, it is so hostile towards appellants in the position of this one, that even a clear directive to exercise discretion would likely be futile. Therefore, though we could remand the case to the Secretary with instructions to refer it to a new, unprejudiced tribunal of his creation, we are not required to do so. The Court's exception allows us to take jurisdiction ourselves rather than to mandate new administrative procedures that would supplement those that are "inadequate or unavilable." We don't have to keep remanding forever.

Plaintiff prays that this court exercise its discretion. It says that there are no facts in dispute. It does not add by offer of proof or affidavit any facts

in addition to or contradicting those the ASBCA found in its decision of February 18, 1970. The notice of default termination was a formidable looking telegram. It included a full warning that the right of appeal to the ASBCA had to be exercised within 30 days. When it came under the eyes of plaintiff's president, 28 days were left. No reason is even suggested still less shown, why 28 days were not enough. Judge Davis in *Monroe M. Tapper & Assocs.* for a unanimous court, says the burden is on the contractor to show that a waiver of the 30-day rule is warranted, and "carelessness or neglect on the part of the applicant is relevant." Plaintiff here fails to meet this standard, and therefore only one finding is possible: it has failed to exhaust its administrative remedy, in not appealing within 30 days. The petition should be dismissed.