Contracts; untimely administrative aypeal; waiver by Board. — On December 13,1974 the court issued the following order:
Before CoweN, Chief Judge, SkeltoN and BeNNEtt, Judges.
“This case has been before this court on two prior occasions. See Maney Aircraft Parts, Inc. v. United States, 197 Ct. Cl. 159, 453 F.2d 1260 (1972), and Maney Aircraft Parts, Inc. v. United States, 202 Ct. Cl. 54, 479 F.2d 1350 (1973). In the latter opinion we held that the plaintiff had failed to file its appeal with the Armed Services Board of Contract Appeals (the Board) within 30 days after the contracting officer had rendered his decision on a dispute between the parties, as required by the disputes clause in their contract. We remanded the case to the Board pursuant to Public Law 92-415, 86 Stat. 652, amending 28 U.S.C. § 1491, with directions to the Board to exercise its discretion as to whether or not the plaintiff has shown good causé or a justifiable excuse, under all the facts and circumstances of the case, for failing to file its appeal within the 30-day time limit (as claimed by the plaintiff), and by virtue thereof the 30-day time limit requirement should be waived by the Board.
“Following such remand, the Board conducted a hearing and considered all of the facts and circumstances in the case as shown by the evidence of the parties, and, in the exercise of its discretion, found and concluded that the plaintiff had not shown good cause or a justifiable excuse for the late filing of its appeal, and, accordingly refused to waive the 30-day time limit.
“The case is again before the court on plaintiff’s motion for summary judgment and on defendant’s cross-motion for summary judgment.
“The plaintiff contends that the Board abused its discretion in refusing to waive the 30-day time limit for its appeal, *882 and that its decision was fraudulent or arbitrary, or capricious or so grossly erroneous as necessarily to imply bad faith, or is not supported by substantial evidence. We do not agree. We conclude from the record and the briefs that the plaintiff has failed to show good cause or a justifiable excuse for failing to file its appeal within the 30-day time limit.
“Accordingly, plaintiff’s motion for summary judgment is denied and defendant’s motion for summary judgment is allowed, and plaintiff’s petition is dismissed.”