This is a review under the Wunderlich Act of a decision by the Armed Services Board of Contract Appeals which dismissed plaintiffs Disputes Clause appeal for lack of jurisdiction because the appeal was not filed within thirty days of the contracting officer’s final decision. On the basis of the parties’ submissions, but without oral argument, we deny defendant’s motion for summary judgment, suspend the case for ninety days, and remand it to the Board for further proceedings as described herein.
Plaintiffs fixed price supply contract for airspeed and mach number indicators, N00383-72-C-2460, was terminated for default on April 13, 1973. Plaintiff did not appeal that decision. By letter dated March 28, 1974, the contracting officer called upon plaintiff to pay $21,614.89 in reprocurement costs. Though this letter was received by plaintiffs office secretary on Saturday, March 30, 1974, plaintiff did not mail its notice of appeal of the contracting officer’s final decision (dated March 28th) until May 3, 1974, approximately thirty-five days after receipt of the decision on March 30th. The Disputes Clause of the contract provides that decisions of the contracting officer shall be final and conclusive unless appealed to the Board *655 within thirty days of receipt of the contracting officer’s decision.
After a hearing in September 1974 the Board issued its decision, Linair, Inc., ASBCA Dec. No. 19377 (Feb. 24, 1975), dismissing plaintiffs appeal for lack of jurisdiction because the appeal came too late. The Board simply concluded: "* * * when a contractor fails to dispatch its notice of appeal within thirty days after receipt of the contracting officer’s final decision, we lack jurisdiction to consider the appeal on its merits.” Linair, id., at 3. The Board then went on to suggest that, despite this court’s decision in Maney Aircraft Parts, Inc. v. United States, 197 Ct. Cl. 159, 453 F.2d 1260 (1972), the Board had no authority at all to waive the late-filing of an appeal.[1]
Plaintiff does not challenge the determination that its appeal was late but it does seek to have the Board exercise its discretion as to waiving the lateness. We hold that the Board’s position that it had no such authority was clearly incorrect. This court has explicitly held, several times, that the thirty-day limitation is contractual rather than jurisdictional; and that, consequently, the Board can exercise its discretion and waive the thirty-day requirement upon a showing of good cause. Monroe M. Tapper & Assocs. v. United States, 198 Ct. Cl. 72, 458 F. 2d 66 (1972), and cases cited; Maney Aircraft Parts, Inc. v. United States, 197 Ct. Cl. 159, 453 F. 2d 1260 (1972), and cases cited; 202 Ct. Cl. 54, 479 F. 2d 1350 (1973), and cases cited; 205 Ct. Cl. 881 (1974); see, Schlesinger v. United States, 181 Ct. Cl. 21, 383 F. 2d 1004 (1967). To the extent guidelines can be fashioned for what is essentially an equitable decision, this was done in Tapper, supra, and Maney Aircraft, supra. The Board may not, however, perfunctorily dismiss an appeal for lack of jurisdiction, as it did here; the decision must be based on whether plaintiff has demonstrated good cause for failure to file its appeal in a timely manner.
Accordingly, we remand the case (under Rule 149) to the Armed Services Board of Contract Appeals and direct it to *656 exercise its discretion as to whether or not plaintiff has shown good cause or a justifiable excuse, under all the facts and circumstances of the case, for failing to file its appeal within the thirty-day time limit, and whether by virtue thereof the thirty-day time limit should be waived. Proceedings in this court are suspended for ninety days from this date pending action of the Board. Plaintiffs counsel is designated to advise the court (under Rule 149(f)) of the status of the proceedings on remand.
IT IS SO ORDERED.
On October 9, 1980 a stipulation of dismissal was filed, and the petition was dismissed.

 Defendant argues that the Board actually exercised its discretion and determined that a waiver of the thirty-day limitation was not warranted. In view of the Board’s terse dismissal for lack of jurisdiction and of its statement refusing (in effect) to follow the Maney decision, we disagree, see, Monroe M. Tapper & Assocs. v. United States, 198 Ct. Cl. 72, 79-80, 458 F. 2d 66, 70-71 (1972); Money Aircraft Parts, Inc. v. United States, 202 Ct. Cl. 54, 57-58, 479 F. 2d 1350, 1352 (1973).