This contract case is before the court on defendant’s unopposed motion for summary judgment. We allow the motion.
Not a great deal need be said about this motion. The substance of it has been fully litigated in the United States District Court for the Middle District of North Carolina and the United States Court of Appeals for the Fourth Circuit, which held against plaintiffs. Wachovia Bank & Trust Co. v. SBA, No. 79-1107 (4th Cir., filed May 9, 1980), aff'g United States v. Associated Furniture, Inc., Civ. No. C-75-210-WS (M.D.N.C., filed Nov. 27, 1978). Plaintiff Associated Furniture, Inc. (Associated or the company), its shareholders and *666 their spouses, claim breach of contract based upon actions of the Small Business Administration (SBA) in connection with two "8(a)” contracts between SBA and the company and with the company’s SBA-guaranteed loan. The company defaulted on the contracts and on the loan. As guarantor, SBA purchased the note and succeeded to the lender’s rights against the shareholders on their personal guarantees. SBA then sued on the note and guaranty agreements in the district court against the same parties (and others) who are plaintiffs here. SBA was successful. The Fourth Circuit affirmed. Plaintiffs now seek to relitigate the issues because their counterclaim was dismissed by the district court as being outside its jurisdiction. The counterclaim asserted in the district court constitutes plaintiffs’ claim in this court.
Associated Furniture, Inc., is a small, minority-owned furniture manufacturing company. It had limited capital and no established credit rating, but qualified under 15 U.S.C. § 637(a) (1976) (amended 1978, 1980) (commonly referred to as the section 8(a) program) to provide desks and bookcases for SBA without going through the normal bidding process. Two contracts ensued in 1972 and 1973, Nos. SB410-8(a)-73-C-133 and SB410-8(a)-73-C-018. These were subcontracts for work SBA had contracted for with the General Services Administration (GSA). SBA delegated authority for administering these subcontracts to GSA, and appeals by Associated under the disputes clause were to be taken to the General Services Board of Contract Appeals (GSBCA). Associated sustained losses and SBA advanced monies on each contract and deposited them in a bank. Withdrawals were made by plaintiff company, when countersigned by the SBA contracting officer, for payment of labor, materials, and overhead expenses. The agreement to make advance payments gave SBA a first priority lien upon any balances.
The company failed and the plant burned down. Associated had no insurance to cover this loss. The SBA then terminated both contracts for default. The bank instituted an interpleader action to determine the proper distribution of monies remaining in the advance payment accounts. The United States brought action in federal court against *667 Associated and the guarantors on the note which SBA had acquired from the bank. Plaintiffs counterclaimed as noted above, and by order dated June 25, 1976, the district court dismissed the counterclaim as being a contract claim in excess of $10,000 and thus outside its jurisdiction. After trial on November 15, 1978, the district court awarded the interpleader funds to SBA and entered judgment for SBA on the note against Associated and the guarantors.
The Fourth Circuit, in affirming the district court, found factually baseless plaintiffs’ contentions that SBA had increased appellant’s risk on the note by failing to comply with provisions of the advance payments agreement, had interfered in the day-to-day administration of Associated’s business, and had impaired its collateral on the note by failing to insure its property. After plaintiffs sued here on the same alleged facts, they moved for a suspension of proceedings to permit Associated to exhaust administrative remedies before the General Services Board of Contract Appeals on the default termination. This was allowed but the GSBCA dismissed Associated’s appeal as being over four and one-half years out of time. GSBCA Nos. 5302, 5310 (Feb. 29, 1980). The contracts between Associated and SBA contained the standard "disputes” clause, making decisions of the contracting officer final unless appealed within 30 days. Finality of the default terminations precludes this breach claim now. Maney Aircraft Parts, Inc. v. United States, 197 Ct. Cl. 159, 453 F.2d 1260 (1972).
Next, we address the claim for damages by plaintiffs Wagner and Hill, shareholders in Associated. The contracts said to have been breached are the advance payment modifications to the "8(a)” manufacturing contracts between Associated and SBA. Neither Hill nor Wagner was a party to those contracts. They must be dismissed for lack of standing to sue as the real party in interest. Rule 61(a).
Finally, we note plaintiffs’ argument that the counterclaim was dismissed only on jurisdictional grounds. However, the district court did decide the merits of the government’s suit on the note and guaranty agreement in the interpleader action concerning entitlement to advanced payments on deposit with the bank. Plaintiffs raised defensively the same allegations they make here. The *668 district court found them factually baseless, a conclusion affirmed on appeal, as we have already noted. Retrial of those issues now is barred by the doctrine of collateral estoppel since the identity of the issues is the same and a fair, full hearing has been had on them in prior litigation. Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313 (1971); Commissioner v. Sunnen, 333 U.S. 591 (1948); Costar v. United States, ante at 590; Hilkovsky v. United States, 205 Ct. Cl. 460, 504 F.2d 1112 (1974).
it is therefore ordered, upon consideration of defendant’s motion for summary judgment, the petition, and exhibits, without oral argument, that the motion should be and is allowed. The petition is dismissed.