**BIO–MEDICAL APPLICATIONS OF LEWISTON, INC. and Bio–Medical Applications Management Company, Inc., Plaintiffs,**

**v.**

**The UNITED STATES, Defendant.**

**No. 32–88C.**

United States Claims Court.

May 23, 1989.

Michael Hooker, Waltham, Mass., for plaintiffs.

Paul David Langer, with whom were Asst. Atty. Gen. John R. Bolton, David M. Cohen, and Robert A. Reutershan, Washington, D.C., for defendant.

## OPINION

BRUGGINK, Judge.

This is an action for reimbursement for the supply of Medicare services. Plaintiffs are Bio–Medical Applications of Lewiston, Inc. ("BMA"), and its parent company, Bio–Medical Applications Management Co., Inc.

Plaintiffs seek $24,886.14 plus interest for dialysis treatments rendered to Medicare patients at BMA's facility between October 2, 1984 and November 1, 1984.[1] Pursuant to RUSCC 56(b), defendant has moved for summary judgment. Plaintiffs have replied that a disputed issue of mate-

---

1. The complaint additionally seeks a binding declaratory judgment and permanent injunction against the Secretary of Health and Human Services to, in effect, bar denial of certification to End Stage Renal Disease facilities retroactive to the survey date, until the Secretary complies with the notice and comment requirements of the Administrative Procedure Act. During oral argument plaintiffs' counsel conceded that declaratory and injunctive relief was beyond the court's jurisdiction. *See Bowen v. Massachusetts,* —— U.S. ——, 108 S.Ct. 2722, 2737, 101 L.Ed.2d 749 (1988).

rial fact exists, but in the alternative, seek summary judgment by cross-motion. In aid of its motion for summary judgment, defendant also moves to strike two affidavits plaintiffs submitted in opposition to summary judgment. For the reasons which follow, both defendant's motion to strike the affidavit of Susan Robers, and its motion for summary judgment are due to be granted.

## BACKGROUND

Pursuant to the Social Security Act, Medicare coverage is provided to patients with end-stage renal disease ("ESRD"). 42 U.S.C. § 1395rr(b)(1). The Secretary of Health and Human Services has delegated responsibility for administration of the Medicare program to the Health Care Financing Administration ("HCFA"). Hospitals, clinics, and certain other health care facilities providing dialysis treatment to ESRD patients are reimbursed by Medicare, provided that the facilities meet conditions of coverage and other requirements as set forth in the Medicare regulations promulgated by HHS pursuant to the act. *See* 42 C.F.R. § 405.2100, *et seq.* Each condition of coverage in turn is divided into two or more health and safety standards.

BMA, which operates a renal dialysis facility in Lewiston, Maine, sought approval for reimbursement by HCFA for dialysis services to Medicare patients. As a service to HHS, the Division of Licensing and Certification of the Maine Department of Human Services ("Maine survey agency") conducted an on-site inspection of the facility to determine whether BMA satisfied the applicable requirements for certification. The inspection was completed on October 3, 1984, and the Maine survey agency concluded that BMA was in compliance with the conditions of coverage applicable to ESRD facilities, but BMA was found to be in noncompliance with one standard of coverage within each of two conditions.

On October 25, 1984, the Maine survey agency notified BMA in writing of the deficiencies identified during the survey, and BMA submitted a plan for correcting these deficiencies on November 1, 1984. By let-

ter of May 7, 1985, HCFA approved BMA's plan of corrections and notified BMA that it was eligible for participation in the Medicare program as of November 12, 1984, the date certain corrections were to have been made by BMA. BMA thereafter sought a certification determination retroactive to the October 2 survey date; HCFA denied the request, but agreed to roll back certification to November 1, the date that BMA submitted its plan of correction.

Between October 2, 1984 and November 1, 1984, BMA provided Medicare patients with 229 dialysis treatments and related services. Based upon reimbursement rates approved by HCFA, plaintiffs claim that these services would have resulted in a $24,886.14 payment to BMA.

By letter of June 28, 1985, BMA requested that HCFA reconsider its effective date of certification for the Lewiston facility. HCFA reaffirmed its decision by letter of July 18, 1985. The regulations promulgated by HCFA to implement its responsibilities under the Act do not explicitly address the date upon which a health care supplier's certification becomes effective. Instead, HCFA based its decision on a reading of 42 C.F.R. § 489.13, which provides in relevant part, with respect to *providers:*

> Section 489.13 Effective Date of Agreement
>
> . . . .
>
> (b) *All Federal requirements are not met on the date of the survey.* If the provider fails to meet any of the requirements ... [health and safety standards and other HCFA requirements] the agreement will be effective on the earlier of the following dates:
>
>> (1) the date on which the provider meets all requirements.
>>
>> (2) the date on which the provider submits a correction plan acceptable to HCFA. . . .

■ Section 405.1901(a) sets out the distinction between a provider and a supplier of services:

> *Provider of services* or *provider* means a hospital, skilled nursing facility, home health agency, hospice, comprehensive outpatient rehabilitation facility or pro-

vider of outpatient physical therapy or speech pathology services.

. . . .

*Supplier* means any of the following: independent laboratory; portable X-ray services; physical therapist in independent practice; ESRD facility; rural health clinic; or chiropractor.

It is thus clear that plaintiffs, as the owner and operator of an ESRD facility, are suppliers of services.

BMA appealed HCFA's decision to an Administrative Law Judge ("ALJ"), and on April 9, 1986, the ALJ affirmed the agency's decision. The ALJ's rationale was identical to that of the HCFA. In both instances, 42 C.F.R. § 489.13 was applied to plaintiffs' ESRD facility, with the result that the effective date of agreement between BMA and HCFA was found to be the date that BMA submitted an acceptable plan of correction—November 1, 1984. The ALJ stated that although BMA was "technically correct" in its assertion that § 489.13 was a *provider* regulation and therefore inapplicable to a *supplier,* the regulation should be extended to cover suppliers since there was no meaningful distinction between suppliers and providers.

BMA sought final agency review in the Appeals Council of the Department of Health and Human Services. By decision dated February 26, 1987, the Appeals Council affirmed the ALJ's determination that the certification became effective on the date when the facility submitted its plan of correction. It specifically rejected the applicability of § 489.13, however, on the theory that it applied only to providers and not to suppliers. Instead the Appeals Council relied on 42 C.F.R. § 405.1907(a). That section provides in relevant part:

> If a provider or supplier is found to be deficient with respect to one or more of the standards in the conditions of participation or conditions for coverage, it may participate in or be covered under the Health Insurance for the Aged and Disabled Program only if the facility has submitted an acceptable plan of correction for achieving compliance within a

reasonable period of time acceptable to the Secretary.

BMA filed suit in United States District Court for the District of Massachusetts on April 27, 1987. That action was transferred to this court by Judge Keeton's order dated December 30, 1987, 677 F.Supp. 51 (1987).

Defendant contends in its motion that the Appeals Council decision must be upheld because plaintiffs cannot demonstrate that it is inconsistent with the applicable statute or regulations or that it is arbitrary, capricious, or lacking in substantial evidentiary support.

Plaintiff opposes defendant's motion for summary judgment on three principal grounds. First, it contends that the Appeals Council misinterpreted § 405.1907(a) to preclude certification retroactive to the date of the site visit. Second, it contends that the agency's present position is inconsistent with its past practice as to ESRD facilities operated by BMA's parent company and that this past practice raises a fact dispute which precludes summary judgment. Third, plaintiffs contend that HCFA regulations affecting the agency's responsibility to timely respond to correction plans were violated. It is plaintiffs' first and third contentions which form the basis for plaintiffs' cross-motion for summary judgment. With respect to plaintiffs' second contention, defendant argues that the issue is untimely; that it is based on evidence not presented at the administrative level; and thus no dispute exists as to a material fact.

## DISCUSSION

■ The applicable standard of review was set out in *Gosman v. United States,* 215 Ct.Cl. 617, 621–22, 573 F.2d 31, 34 (1978):

> [I]t is settled that our scope of review in this type of case is limited; the decisions of the Hearing Panel are to be examined for compliance with the Constitution, statutory provisions, and regulations having the force and effect of law, as well as for the taint of arbitrariness,

capriciousness, or lack of support in substantial evidence.

The first issue is one common to both parties' motions—whether the Appeals Council's decision was in violation of law. The court concludes it was not. The HCFA is given responsibility by statute to implement regulations by which it determines reimbursement for provision of ESRD services. 42 U.S.C. § 1395vv(b)(1). Since no regulation explicitly addresses the circumstance present here, the court's review is limited to determining whether the agency's final decision has a reasonable basis in its governing regulations. In making that determination, this court is mindful of the admonition of the Court of Appeals for the Seventh Circuit in *Health Care Serv. Corp. v. Califano*, 601 F.2d 934, 935 (7th Cir. 1979):

> We add only that the interpretation of a complex statute such as the Medicare Act by the administrative officer charged with the responsibility of administering it is entitled to considerable deference and, if reasonable, is not to be rejected by a court merely because another interpretation may also be reasonable.

*See also Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965).

■ The Appeals Council was faced with the instruction of § 405.1907 that if a *supplier* is found deficient in one or more standards it may participate "only if the facility has submitted an acceptable plan of correction ... acceptable to the Secretary." Given the general requirement that a supplier can receive reimbursement for services only if it is in compliance with conditions and standards of coverage, 42 C.F.R.

§ 405.1901(b), it was not unreasonable to permit retroactive certification only to the date of submission of a plan later found to be acceptable.[2] Indeed, during oral argument, when asked by the court if such a conclusion would have been unreasonable if there were no allegations of a contrary prior practice, plaintiffs' counsel conceded it would not be.

■ The second issue concerns plaintiffs' allegation that BMA acted in reliance on its parent company's previous experience with HCFA. . Plaintiffs submit the affidavit of Susan Robers, presently with the parent company, and formerly an employee of HCFA for four and one-half years. She recites that there were at least two instances in which HCFA retroactively certified the parent company's dialysis centers to the date of the site visit despite the fact that certain standards of coverage were not met. Defendant has not disputed this assertion. Presumably it cannot. Instead it contends the affidavit and the arguments flowing from it should not be considered.[3] The court agrees.

Evidence related to the plaintiffs' prior experience was not presented at the administrative level and no argument was made on that basis. As defendant correctly argues, the court's review, absent unusual circumstances not here alleged, is limited to the grounds asserted in the administrative proceedings. In *Rio Hondo Memorial Hospital v. United States*, 231 Ct.Cl. 657, 689 F.2d 1025 (1982), the Court of Claims refused to consider an argument raised by the Government for the first time on an appeal under the Medicare Act, saying that

---

**2.** HCFA's Regional Office Manual ("ROM") at § 2402 provides that if a "supplier is found not to be in compliance with the appropriate certification requirements on the date the survey is completed, its effective date will be the date on which it submits an acceptable plan of correction." Defendant contends and plaintiffs do not deny that plaintiffs had a copy of this manual. The court finds the construction adopted in the Manual a reasonable one. Whether it can be treated as binding on plaintiffs, however, need not be assessed. The Appeals Council's construction of § 405.1907 is an adequate independent basis to support the decision. Nor does the court find it significant that the Appeals Council decision was on a different basis than that of

the ALJ. It is the agency's final action that is being reviewed. *See Bell v. New Jersey and Pennsylvania*, 461 U.S. 773, 103 S.Ct. 2187, 2191, 76 L.Ed.2d 312 (1983). *Peter Kiewit Sons' Co. v. U.S. Army Corps of Engineers*, 714 F.2d 163, 167–68 (D.C.Cir.1983).

**3.** Plaintiffs also submit the affidavit of Marjorie Hess, Administrator of the dialysis center in question. Her affidavit sets forth the number of treatments and the amount BMA would have earned. In view of the court's ruling, it is unnecessary to resolve the motion to strike as to the Hess affidavit.

the "administrative tribunal was the proper place for consideration of the question." *Id.* at 665 n. 9, 689 F.2d at 1031. In so holding it cited *Doyle v. United States,* 220 Ct.Cl. 285, 311, 599 F.2d 984, 1000, *modified,* 220 Ct.Cl. 326, 609 F.2d 990 (1979), *cert. denied,* 446 U.S. 982, 100 S.Ct. 2961, 64 L.Ed.2d 837 (1980), a military discharge case. In *Doyle,* the court stated:

It has long been part of our law that a party cannot raise an issue on appeal to a court when it failed to raise it before an administrative agency competent to hear it.... The doctrine that requires that known objections be made to the agency is to insure "that administrative agencies are thereby afforded an opportunity to make adjustments and correct errors on the administrative level...."

220 Ct.Cl. at 311–12, 599 F.2d at 1001 (quoting *Blackmar v. United States,* 173 Ct.Cl. 1035, 1045, 354 F.2d 340, 347 (1965)); *see Unemployment Compensation Comm'n of Alaska v. Aragon,* 329 U.S. 143, 155, 67 S.Ct. 245, 251 91 L.Ed. 136 (1946) ("A reviewing court usurps the agency's function when it sets aside the administrative determination upon a ground not theretofore presented...."). Consistent with this view are decisions of the Court of Claims and this court in review of other types of administrative actions. *Ace Construction Co. v. United States,* 185 Ct.Cl. 487, 501–02, 401 F.2d 816, 824–25 (1968) (pre-Contract Disputes Act review of board decision); *Norfolk Dredging v. United States,* 175 Ct.Cl. 594, 613–14, 360 F.2d 619, 629 (pre-Contract Disputes Act review of board decision), *cert. denied,* 385 U.S. 919, 87 S.Ct. 229, 17 L.Ed.2d 143 (1966); *Max Jordan Bauunternehmung v. United States,* 10 Cl.Ct. 672, 677 (1986) (Wunderlich Act review), *aff'd,* 820 F.2d 1208 (Fed. Cir. 1987).

Plaintiffs respond that an exception to this general rule is available and applicable here. Citing *Hormel v. Helvering,* 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037 (1941), and *Board of Public Instruction of Taylor*

*County, Florida v. Finch,* 414 F.2d 1068 (5th Cir.1969), plaintiffs contend that not reviewing the additional evidence and argument would be inconsistent with the purpose of the Medicare Act, and would work an individual injustice. The court is not persuaded. In *Hormel,* the Supreme Court permitted an appellate court to find against the taxpayer on a theory not pressed by the Government. Recognizing the general principle that a reviewing court is normally limited to the facts and arguments presented below, it found that an exception exists "as justice may require." *Hormel,* 312 U.S. at 559, 61 S.Ct. at 722. It was applicable there, the Court found, because it was clear under the law that the taxpayer owed the money. In *Board of Public Instruction,* the Fifth Circuit opted to consider issues of law not pressed below because the agency's action was clearly in excess of statutory authority and disruptive of the legislative scheme, and was individually unjust. The agency had terminated the rights of an entire county school system to federal funding when there had been no showing of a history of segregation in the particular programs seeking funding. The court considered the agency's action to be clearly beyond what Congress mandated or contemplated. *Board of Public Instruction,* 414 F.2d at 1075. No such flaunting of the governing law is alleged here. The plaintiffs' analysis ignores the agency's role in adopting, interpreting, and enforcing regulations concerning entitlement to reimbursement. It was, as determined above, not unreasonable and certainly not contrary to the Medicare Act for the agency, in effect, to delay certification until a plan was submitted. Although the agency or the court might have been persuaded in this instance that plaintiffs should have been able to rely on contrary past action, any equity militating toward the plaintiffs is offset by their simple failure to raise that issue with the agency. The two instances of earlier certification were, of necessity, known to the plaintiffs.[4]

4. Plaintiffs have a corollary argument that the rule applied in this case constitutes improper agency rulemaking because it represents a deviation from past practice. The factual predicate

for such an argument is not before the court for the reasons stated above. Nevertheless, as the Supreme Court has taught, it is not always possible, in fleshing out a statute by regulations, to

**90**

Furthermore, the court declines to remand for reconsideration of the assertions newly made here. While the court is empowered by 28 U.S.C. § 1491(a)(2) to remand matters to administrative bodies, the cases cited by plaintiffs to support remand here are inapposite. *Maney Aircraft Parts, Inc. v. United States*, 202 Ct.Cl. 54, 479 F.2d 1350 (1973), and *Farrell Lines, Inc. v. United States*, 204 Ct.Cl. 482, 499 F.2d 587 (1974), required remand because the agencies' decisions were reversed on grounds within the administrative records. *Gulf & Western Industries, Inc. v. United States*, 230 Ct.Cl. 1, 671 F.2d 1322 (1982), was reversed due to improper board conduct. Plaintiffs offer no reasons to deviate here from the general principles that the court's review is limited to the issues raised at the administrative level.

■ The last remaining issue concerns plaintiffs' argument that BMA's facility should have been certified effective at least by October 20, 1984 because of HCFA's failure to issue a timely notice of deficiencies according to their own regulations. Plaintiffs argue that had defendant returned the notice of deficiencies to BMA in a timely manner, then they would have been able to submit a proposed plan of correction before November 1. Specifically, plaintiffs point to HCFA's State Operations Manual ("SOM") § 2728, which provides that the deficiency statement "should be typed and mailed to the institution within ten (10) calendar days of the survey." HCFA acknowledges that the statement was not dated until 22 days after the survey date. Plaintiffs therefore seek reimbursement for the dialysis treatments rendered on or after October 20. They arrive at this date by subtracting 12 days (HCFA's length of delay) from the date BMA actually submitted its plan of correction, November 1. This issue was raised before the agency. The Appeals Council rejected the argument, however, holding

that plaintiffs cited no authority for their proposition.

The Medicare regulations are silent with respect to when the deficiency statement should be sent to the facility. The only applicable provision is SOM § 2728, which prescribes when the notice of deficiencies *should* be sent. Even assuming the agency's internal operating manual could be given the force and effect of law, the court declines to interpret the relevant language as mandatory. The provision in question appears to be intended as guidance only to agency staff. The term "should" in this context clearly suggests a precatory use. *See Roanoke Memorial Hospitals v. Kenley*, 352 S.E.2d 525, 529 (Va.App.1987); *Starks v. Kentucky Health Facilities*, 684 S.W.2d 5, 7 (Ky.App.1984); *Univ. of So. Fla. v. Tucker*, 374 So.2d 16, 17 (Fla.App. 1979); *cf. Doe v. Hampton*, 566 F.2d 265, 280–81 (D.C.Cir.1977). The court concludes that the agency's decision in this regard is not contrary to law.

## CONCLUSION

The agency's final action was not arbitrary, capricious or contrary to law, and has support in the record developed below. There are no disputes of material fact. Plaintiffs' motion for summary judgment is denied. Defendant's motion to strike the affidavit of Susan Robers and its motion for summary judgment are granted. The Clerk is directed to dismiss the complaint. No costs.

cover every exigency. When a dispute arises, it is necessary to resolve it by drawing on available law. "[T]he choice made between proceeding by general rule or by individual, *ad hoc* litigation is one that lies primarily in the informed discretion of the administrative agency."

*SEC v. Chenery Corp.*, 332 U.S. 194, 203, 67 S.Ct. 1575, 1580, 91 L.Ed. 1995 (1947); *see also NLRB v. Bell Aerospace Co.*, 416 U.S. 267, 292–95, 94 S.Ct. 1757, 1770–72, 40 L.Ed.2d 134 (1974). There was no abuse of that discretion here.