### J. R. YOUNGDALE CONSTRUCTION CO., INC.

v.

### The UNITED STATES.

### No. 72–73.

United States Court of Claims.
Oct. 23, 1974.

---

O. P. Easterwood, Jr., Washington, D. C., atty. of record, for plaintiff. Mc-Nutt, Dudley, Easterwood & Losch, Washington, D. C., of counsel.

Michael J. Rubin, Washington, D. C., with whom was Asst. Atty. Gen. Carla A. Hills, for defendant.

Before DAVIS, KUNZIG and BENNETT, Judges.

## ON PLAINTIFF'S MOTION AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

### PER CURIAM:

This case comes before the court on defendant's motion, filed April 8, 1974, requesting that the court adopt, as the basis for its judgment in this case, the recommended decision of Senior Trial Judge Mastin G. White, filed January 22, 1974, pursuant to Rule 166(c) on plaintiff's motion and defendant's cross-motion for summary judgment. Upon consideration thereof, without oral argument, it appears that the trial judge by order of March 6, 1974, made certain amendments to the said recommended decision, that plaintiff has filed no re-quest for review by the court of either the recommended decision of January 22, 1974, or the order of March 6, 1974, and that the times for so doing pursuant to the Rules of the Court have expired. Since the court agrees with the trial judge's recommended decision, as amended, as hereinafter set forth, it hereby grants defendant's motion of April 8, 1974, and adopts the amended recommended decision as the basis for its judgment in this case. Therefore, plaintiff's motion and the defendant's cross-motion for summary judgment are denied without prejudice; and pursuant to 28 U.S.C. § 1491, as amended by Public Law 92–415 (86 Stat. 652), the plaintiff's aggregate claim is remanded to the Armed Services Board of Contract Appeals for the holding of such hearing or hearings as may be deemed advisable and for a determination, in the first instance, as to whether a waiver of the plaintiff's 6-day delay in mailing the appeal is warranted, and, if such waiver is granted, for a determination on the merits of the plaintiff's aggregate claim. Further judicial proceedings are suspended for a period of not to exceed 6 months pending the completion of the remand proceedings. The attorney of record for the plaintiff is designated to advise the court of the status of the remand proceedings at intervals of 90 days or less.

### OPINION OF TRIAL JUDGE

WHITE, Senior Trial Judge:

The plaintiff in this case asks the court to review the action of the Armed Services Board of Contract Appeals ("ASBCA") in dismissing, as untimely, an appeal which the plaintiff had taken from a decision by the contracting officer under Contract No. N62474–70–C–0615 ("the contract") between the plaintiff and the defendant (represented by a contracting officer of the Naval Facilities Engineering Command, Department of the Navy). The ASBCA did not hold a hearing for the reception of oral or documentary evidence in connection with the

consideration of the appeal,[1] but dismissed the appeal on the basis of documents that were available to the ASBCA. The factual statements in this opinion are based on the same documents.

The contract involved the construction by the plaintiff of barracks for enlisted men at the Naval Auxiliary Air Station, Fallon, Nevada. The plaintiff was to be paid $1,504,500 for the work.

The contract contained the standard "disputes" provision that is customarily found in Government construction contracts. It stated (among other things) that "The decision of the Contracting Officer [on a dispute concerning a question of fact arising under the contract] shall be final and conclusive unless, within 30 days from the date of receipt of such copy, the Contractor mails or otherwise furnishes to the Contracting Officer a written appeal addressed to the head of the agency involved."

On January 29, 1971, the plaintiff proposed to the Navy Department that the "mix design * * * [for precast lightweight concrete be] made up with a naturalite material in lieu of man-made aggregate material." The Navy Department's Resident Officer in Charge of Construction Contracts at the Naval Auxiliary Air Station, Fallon, Nevada ("the resident officer"), responded on April 8, 1971, by informing the plaintiff "that the contractor's proposed use of 'naturalite' as a lightweight concrete aggregate as forwarded by contractor's Submittal No. 1 dated 29 January 1971 is disapproved," and by directing the contractor "to use lightweight concrete aggregate which complies with the applicable portions of the subject contract specification, Section 3A., Concrete Construction." Section 3A of the contract specifications related to cast-in-place lightweight concrete and required that the aggregate be either expanded shell, expanded clay, expanded slate, or expanded slag.

A telegram dated March 10, 1971, from the plaintiff to the resident officer stated in part as follows:

We are forthwith proceeding with revising our mix design to comply with the Governments demand so as to preclude further unnecessary delays to the project. However, we are doing so under protest as we consider Governments demand to be a change within the realm of Clause 3, Changes of the General Provisions of our contract.

All costs incurred as a result of Governments action stated herein above will be submitted as soon as same are ascertainable, together with complete justification therefor.

In a letter dated April 28, 1971, and addressed to the resident officer, the plaintiff requested the issuance of a change order to cover the added expense allegedly incurred because of the Government's requirement that man-made aggregate be used for precast lightweight concrete, and also requested a 30-day extension of the time prescribed in the contract for the completion of the work under the contract. Accompanying this letter was a detailed statement of the additional costs claimed by the plaintiff, totaling $20,728.

On August 26, 1971, and again on November 19, 1971, the plaintiff wrote to the resident officer and requested information concerning the status of the aggregate claim. The resident officer apparently did not reply to either of these communications. However, on December 8, 1971, the Officer in Charge of Construction, Western Division, Naval Facilities Engineering Command, wrote to the plaintiff and denied the claim for additional compensation in the amount of $20,728, and also the claim for a 30-day time extension.

In a letter dated December 29, 1971, and addressed to the Commander of the Naval Facilities Engineering Command, the plaintiff requested reconsideration

---

1. The ASBCA said that neither party to the administrative proceeding had requested a hearing.

of the rejection of the claim which the plaintiff had submitted on April 28, 1971. There does not seem to have been any reply to the plaintiff's communication of December 29, 1971. The plaintiff wrote to the same officer again on March 1, 1972, and asked for information concerning the status of the matter. By means of a letter dated March 14, 1972, the plaintiff was informed that its claim had been forwarded "for a contracting officer's decision."

The contracting officer's decision, denying the plaintiff's aggregate claim, was dated November 21, 1972, and it was received by the plaintiff on November 27, 1972.

The plaintiff prepared a written appeal from the contracting officer's decision and mailed the appeal on January 2, 1973, or 6 days after the expiration of the 30-day period prescribed in the "disputes" provision of the contract for the taking of appeals from decisions by the contracting officer. In connection with the appeal, the plaintiff represented to the ASBCA (among other things) "That with the intervention of the holidays and the delay of the Christmas mails (since counsel resides on the East Coast and Appellant on the West Coast) the formal appeal document * * * was not sent until 2 January 1973, or more than 30 days from the receipt of * * * [the contracting officer's decision], although Appellant advised the OICC by telephone in November after receipt of the adverse final decision that he was appealing such adverse decision * * *." The plaintiff requested that the ASBCA "sustain the verbal appeal to the representative of the contracting officer * * * as being timely, or in the alternative, waive the lateness thereof, for good causes shown, and find and determine that an equitable adjustment for the additional work performed is in the sum of $20,728 * * *."

Under the date of January 31, 1973, the Government submitted to the ASBCA a motion asking that the plaintiff's appeal be dismissed because the plaintiff had failed to mail the appeal within the 30-day period prescribed in the "disputes" provision of the contract.

In its response to the Government's motion to dismiss, the plaintiff made the following factual assertions in support of the request that the ASBCA either consider the appeal to have been timely filed or waive the 6 days of lateness, and consider the appeal on its merits:

(1) A telephone conversation was made by a Vice President of Appellant to an authorized field representative of the contracting officer notifying him that an appeal was being filed.

(2) A reasonable time of 6 days only elapsed from the end of the 30-day period until a formal, written appeal was filed.

(3) The final decision was received during the rush and press of the holidays or Christmas period.

(4) Appellant's office is in San Diego and his Counsel's office is in Washington, D. C., further delaying the already deplorable mail delivery time.

In connection with the 6-day delay in mailing the appeal, the plaintiff asserted that "it took the Government one year and seven months to write a final decision."

The plaintiff's appeal was dismissed by the ASBCA in a decision dated February 28, 1973 (ASBCA No. 18090).

With respect to the plaintiff's representation to the ASBCA that an oral appeal from the contracting officer's decision had been taken over the telephone in November 1972, after the receipt of the contracting officer's decision, the ASBCA stated that "an oral appeal is not effective," in view of the contractual agreement that the contracting officer's decision would be final in the absence of a *written* appeal mailed within 30 days of the receipt of such decision. The correctness of this ruling is not questioned by the plaintiff in the motion for summary judgment and supporting brief filed with the court.

In connection with the plaintiff's request that the 6-day delay in mailing the appeal be waived upon the basis of the plaintiff's representations concerning the oral notification within the 30-day period of the intention to appeal, the occurrence during the 30-day period of the holiday season and its delaying effect on mail service between the plaintiff in San Diego, California, and counsel in Washington, D. C., and the long delay by the Government itself in processing the plaintiff's aggregate claim, the ASBCA stated that "the Board has made it crystal clear that it considers itself without authority to decide untimely appeals on the merits." Hence, it was the view of the ASBCA that the mailing of the plaintiff's appeal within the prescribed 30-day period was jurisdictional, and, therefore, that the board did not have any authority to consider whether the plaintiff's representations, if true, would be sufficient to justify a waiver of the plaintiff's 6-day delay in mailing the appeal.

 Contrary to the position taken by the ASBCA, this court has held that strict compliance with the time limit prescribed in the standard type of "disputes" provision for the taking of appeals is not jurisdictional, and that boards of contract appeals have the power, in proper circumstances to extend or waive compliance with such time limit. Maney Aircraft Parts, Inc. v. United States, 453 F.2d 1260, 1262, 197 Ct.Cl. 159, 163 (1972); Monroe M. Tapper & Associates v. United States, 458 F.2d 66, 68, 198 Ct.Cl. 72, 76 (1972).

 The principle of fairness, therefore, requires that the ASBCA exercise its discretion in this instance by considering whether the circumstances warrant a waiver of the plaintiff's 6-day delay in mailing its appeal in connection with the aggregate dispute.

## CONCLUSION

The plaintiff's motion and the defendant's cross-motion for summary judgment are denied without prejudice; and pursuant to 28 U.S.C. § 1491, as amended by Public Law 92–415 (86 Stat. 652), the plaintiff's aggregate claim is remanded to the Armed Services Board of Contract Appeals for the holding of such hearing or hearings as may be deemed advisable and for a determination, in the first instance, as to whether a waiver of the plaintiff's 6-day delay in mailing the appeal is warranted, and, if such waiver is granted, for a determination on the merits of the plaintiff's aggregate claim. Further judicial proceedings are suspended for a period of not to exceed 6 months pending the completion of the remand proceedings. The attorney of record for the plaintiff is designated to advise the court of the status of the remand proceedings at intervals of 90 days or less.