**BIO–MEDICAL APPLICATIONS OF LEWISTON, INC. and Bio–Medical Applications Management Company, Inc., Plaintiffs,**

v.

**Otis BOWEN, Secretary of the United States Department of Health and Human Services, and John D. Kennedy, Regional Administrator, Health Care Financing Administration of the United States Department of Health and Human Services, Defendants.**

Civ. A. No. 87–1066–K.

United States District Court,
D. Massachusetts.

Dec. 30, 1987.

Jo Ellen Ojeda, Waltham, Mass., for plaintiffs.

Christine M. Roche, Asst. U.S. Atty., for defendants.

## MEMORANDUM AND ORDER

KEETON, District Judge.

### I.

On April 27, 1987, plaintiffs filed this civil action in this court alleging, *inter alia*, that the defendants had wrongfully denied payment to plaintiff Bio–Medical Applications of Lewiston, Inc. ("BMA–Lewiston") of $24,886.14, plus interest, for treatments rendered by BMA–Lewiston to Medicare beneficiaries between October 2, 1984 and November 1, 1984. The dispute over entitlement to the payment involves applicability and interpretation of administrative regulations regarding providers and suppliers of services for patients with end-stage renal disease ("ESRD"). After alleging thirty-nine paragraphs in a section designated "General Statement," the complaint asserts four "Counts."

Count I alleges that "the Secretary's decision to set November 1, 1984, as the initial date of certification of BMA–Lewiston is in violation of 42 U.S.C. § 1395rr(b)(1) and the regulations promulgated thereunder...."

Count II alleges that the decision of the Appeals Council approving the decision to set November 1, 1984 as the initial date constituted substantive rulemaking, invalid because occurring without any opportunity for the plaintiff Bio–Medical Applications Management Company, Inc. ("BMA") and others similarly situated to comment.

Count III alleges that allowing "Medicare beneficiaries to enjoy the benefits of [life-sustaining dialysis] treatments without the Secretary being obligated to pay [the provider or supplier] constitutes unjust enrichment" for which relief based on *quantum meruit* should be allowed.

Count IV alleges that "Plaintiffs relied on the past practice of Defendants of certifying ESRD facilities effective on the date on which such facilities were deemed in compliance with the *conditions of coverage*," which in relation to the present matter was October 2, 1984 rather than November 1, 1984, by reason of which reliance defendants are estopped to apply an initial date other than October 2, 1984.

The "Prayer for Relief" seeks (1) a declaratory judgment that the Secretary's ruling is invalid for failure to comply with notice and comment requirements of the Administrative Procedure Act, 5 U.S.C. § 553; (2) a permanent injunction barring the Secretary from denying certification of ESRD facilities retroactive to the survey

date (here, October 2, 1984) where the facilities have met the "conditions of coverage," until and unless the Secretary complies with notice and comment requirements; (3) judgment for $24,886.14 *quantum meruit*, plus interest, for treatments provided during the period between October 2 and November 1, 1984; and (4) such other and further relief as may be just.

Defendants' Motion to Dismiss (Docket No. 5) asserts that this court lacks jurisdiction over the subject matter, and their supporting Memorandum (Docket No. 6) asserts that the action "should be dismissed and transferred to the United States Claims Court" because this civil action is in essence a claim for monetary relief in excess of $10,000 over which that court has exclusive jurisdiction.

## II.

Before addressing the Motion to Dismiss, I take note of two subsidiary controversies.

■ The first such controversy is over an affidavit filed by plaintiffs in response to the Motion to Dismiss (Ex. 1 to Docket No. 8). Defendants have moved to strike the affidavit (Docket No. 11), arguing that it is an impermissible effort to convert adjudication of the motion to dismiss into adjudication of a motion for summary judgment. This argument must be rejected. Plaintiffs' affidavit contains nothing that could convert a motion to dismiss into a motion for summary judgment because no issue is presented by this civil action as to which this court could properly conduct a trial of disputed adjudicative facts. Instead, regardless of the terminology chosen by plaintiffs to assert their claims, they are in essence claims for judicial review of a decision of the Secretary of Health and Human Services. Under these circumstances, no issue of adjudicative facts will be presented to the court. Thus, Fed.R. Civ.P. 56, allowing for summary judgment when there is no genuine dispute of material fact, is inapplicable because that rule is designed to allow an early ruling that adjudicative facts material to disposition are not genuinely disputed. It does not apply to nonadjudicative facts, as to which, if genuinely disputed, courts in any event may proceed to resolve them outside the constraints that apply to genuinely disputed and material adjudicative facts. *Cf. Massachusetts Medical Society v. Dukakis*, 637 F.Supp. 684, 689–92 (D.Mass.1986), *affirmed* (but without approving identification of issues as nonadjudicative fact issues), 815 F.2d 790 (1st Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 229, 98 L.Ed.2d 188 (1987). I conclude that the matters stated in the affidavit may properly be considered by this court, if relevant to disposition of any of the matters before this court. If they become material to determination of an issue of law by this or another court, it may then be appropriate to allow the defendants to respond to the factual assertions of the affidavit. I conclude that I need not delay rulings on matters now before me, however, because I need not determine the truth or falsity of factual assertions in the affidavit in reaching the rulings explained in this Memorandum. For these reasons the motion to strike will be denied.

The second collateral controversy concerns plaintiffs' motion for leave to amend the complaint (Docket No. 14) and Defendants' Opposition (Docket No. 16). The proposed amendment would state "explicitly in the introductory statement that this is an action for declaratory and injunctive relief." Plaintiffs' Motion for Leave to Amend Its Complaint, at 2. I will allow the motion and treat the complaint as if amended to contain this allegation, in addition to others initially included in the complaint, requesting declaratory and injunctive relief. For reasons explained below, however, this amendment in no way affects my disposition of the motion to dismiss.

## III.

■ "The jurisdiction of federal courts is defined and limited by Article III of the Constitution." *Flast v. Cohen*, 392 U.S. 83, 94, 88 S.Ct. 1942, 1949, 20 L.Ed.2d 947 (1968). "[T]he judicial power of federal courts is constitutionally restricted to 'cases' and 'controversies.' " *Id.* "[N]o justiciable controversy is presented ... when the parties are asking for an advisory opinion...." *Id.* at 95, 88 S.Ct. at 1949–1950.

A full examination of all the submissions before the court in the present case discloses that the only existing controversy between the parties that has the characteristics of a "case or controversy" over which federal judicial power can properly be invoked at this time is the controversy over plaintiffs' claims to entitlement to payment of $24,886.14 plus interest for ESRD services provided to Medicare patients during the period from October 2 through November 1, 1984. It may be true, as plaintiffs contend, that some decisionmaker (agency or court) will determine that it is necessary to resolve some issues of law, fact, or both law and fact, regarding validity of the Secretary's decisions in order to reach a final disposition of the claim for money damages. Also, if issues of law are decided in the process, those decisions may have effects on future relationships between plaintiffs and defendants, under principles of *res judicata* (claim preclusion and issue preclusion) and *stare decisis*. Nevertheless, such potential subsidiary effects as these on future relationships do not convert the claim for money damages growing out of services provided into a cognizable claim for prospective declaratory and injunctive relief.

I conclude that the present case is controlled by the decisions in *Commonwealth of Massachusetts v. Secretary of Health and Human Services*, 816 F.2d 796 (1st Cir.1987), and *Commonwealth of Massachusetts v. Departmental Grant Appeals Board*, 815 F.2d 778 (1st Cir.1987). Guided by these decisions, I conclude that the United States Claims Court has exclusive jurisdiction over any claim for money damages, and at least that aspect of this case should be transferred to that court. I conclude also that plaintiffs' attempt to allege some other claim for injunctive or declaratory relief, within the jurisdiction of this court, has failed.

*Commonwealth of Massachusetts v. Secretary of Health and Human Services* focused the issue in cases such as the one before this court on the "prospective/retrospective distinction." 816 F.2d at 800. The distinction is as follows:

> Where a ... dispute concerns only money past due, and no statute specifically

authorizes a suit in district court, the Tucker Act provides the only applicable waiver of sovereign immunity; the case must go to the Claims Court. ... But, where a ... dispute concerns a legal questions that has a significant, prospective effect on the ongoing relationship between the federal agency and the affected [party], the Administrative Procedure Act grants the district court jurisdiction to provide injunctive and declaratory relief.

*Id.* at 799–800. Plaintiffs' complaint does not articulate a claim for relief with significant prospective effect. Even though some relationship between the parties to this case "stretches into the future," *id.* at 799, the aspects of the past relationship that gave rise to the claim for money damages in this case may or may not arise again in the future. It is not enough to demonstrate the existence of a justiciable controversy within the jurisdiction of this court that the aspects giving rise to this claim may arise again in the future. To hold otherwise would be to allow a $24,886.14 tail to wag a million dollar dog. Deciding plaintiffs' claims for injunctive and declaratory relief would affect the interests of thousands of persons not parties to this litigation. Such a ruling would be offensive to fundamental principles underlying the jurisdictional prerequisite of a live controversy. It is true that a live controversy supports jurisdiction even when the greatest effects of resolving it are prospective. But in the present instance the only court having jurisdiction on this ground is the United States Claims Court. The existence of a live controversy within the jurisdiction of that court cannot serve to confer jurisdiction on this court to render an advisory opinion regarding a prospective controversy the resolution of which has no immediate effects between the parties. Giving effect to such an advisory ruling through collateral estoppel would be a very different matter from the collateral estoppel effect of decision of a live controversy, noted with approval by the First Circuit, *id.* at 800.

The failure of the plaintiffs to allege a live controversy in this case is underscored

by their estoppel claim, in Count IV, based on the allegation that the Secretary consistently adhered to a policy under which the plaintiffs would have prevailed on their claim for money damages but for the Secretary's deviation from that policy by applying a different interpretation to the Secretary's regulations in this one instance. This allegation falls far short of a claim, such as was involved in *Commonwealth of Massachusetts v. Secretary of Health and Human Services*, based on "an ongoing policy that has significant prospective effect," 816 F.2d at 799.

### ORDER

For the foregoing reasons, it is ORDERED:

(1) Defendants' Motion to Strike the Affidavit of Susan Robers (Docket No. 11) is denied.

(2) Plaintiffs' Motion for Leave to Amend the Complaint (Docket No. 14) is allowed.

(3) Defendants' Motion to Dismiss for want of jurisdiction in this court is allowed. The claim for money damages will be transferred to the United States Claims Court. As to all other claims, this action will be dismissed for want of jurisdiction. Final Judgment will be entered accordingly.